UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JUSTINA PLOWDEN,<br><br>Plaintiff,<br>vs.<br><br>THE BOSSLADY NICKY, LLC,<br><br>Defendant. | CASE NO.:<br><br>Judge:<br><br>Magistrate: |

## COMPLAINT

Plaintiff, JUSTINA PLOWDEN, by and through her undersigned counsel, hereby files this Complaint and sues THE BOSSLADY NICKY, LLC (hereinafter referred to as "DEFENDANT"), for declaratory and injunctive relief, damages, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR"); and alleges the following:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.* (hereinafter referred to as the "ADA"), and the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 *et seq.*, (hereafter "LCHR").

2. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367, as such claims arise out of the same case or controversy as the Federal claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4. Plaintiff, JUSTINA PLOWDEN, (hereinafter referred to as "MS. PLOWDEN"), is a person of the age of majority and a citizen of the State of Louisiana.

5. MS. PLOWDEN resides in Vermillion Parish, Abbeville, Louisiana.

6. MS. PLOWDEN is a qualified individual with a disability under the ADA and the LCHR. MS. PLOWDEN is a paraplegic due to a spinal cord injury.

7. Due to her disability, MS. PLOWDEN is substantially impaired in several major life activities and requires a wheelchair to ambulate.

8. Upon information and belief, THE BOSSLADY NICKY, LLC, a Louisiana limited liability company, is the operator of the business located at: 121 N State St, Abbeville, LA 70510 (the "Property").

9. Upon information and belief, the Property is a La Palmera Spa.

10. MS. PLOWDEN has visited the Property for a massage.

11. DEFENDANT is obligated to comply with the ADA and the LCHR.

12. All events giving rise to this lawsuit occurred in the Western District of Louisiana, Vermillion Parish, Louisiana.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

13. MS. PLOWDEN realleges and reavers Paragraphs above as if they were expressly restated herein.

14. The Property is a place of public accommodation, subject to the ADA, generally located at: 121 N State St, Abbeville, LA 70510.

15. Upon information and belief, MS. PLOWDEN has visited the Property and desires to visit

the Property again in the future.

16. MS. PLOWDEN was deterred from entering the Property due the lack of curb access and designated accessible parking at the Property.

17. MS. PLOWDEN continues to desire to visit the Property but will continue to experience serious difficulty at the Property, which is still the case.

18. MS. PLOWDEN lives within a close geographic proximity of the Property. MS. PLOWDEN's house is less than two (2) miles from the Property.

19. MS. PLOWDEN plans on returning to the Property for a massage.

20. MS. PLOWDEN intends to and will visit the Property for a massage, but fears that she will encounter the same barriers to access which are the subject of this action.

Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and are discriminating against MS. PLOWDEN due to, but not limited to, the following violations which exist at the Property:

I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANTS:

A. The Property lacks curb access;

B. The Property lacks designated-accessible parking spaces; and

C. Other mobility-related ADA barriers to be identified following a complete inspection.

21. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

22. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

23. Upon information and belief, removal of the barriers to access located on the Property would provide MS. PLOWDEN with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

24. MS. PLOWDEN has been obligated to retain the undersigned counsel for the filing and prosecution of this action. MS. PLOWDEN is entitled to have her reasonable attorneys' fees, costs, and expenses paid by DEFENDANT, pursuant to 42 U.S.C. § 12205.

## COUNT II: VIOLATIONS OF THE LOUISIANA COMMISSION ON HUMAN RIGHTS

25. MS. PLOWDEN repeats and realleges all preceding paragraphs in support of this claim.

26. At all times relevant to this action, the Louisiana Commission on Human Rights, LA. REV. STAT. ANN. § 51:2231 et. seq., (hereafter "LCHR") has been in full force and effect and has applied the conduct of DEFENDANT.

27. At all times relevant to this action, MS. PLOWDEN has experienced substantial limitations to several major life activities, including walking, and uses a wheelchair for her primary means of mobility; and has been an individual with a disability within the meaning of LCHR, LA. REV. STAT. ANN. § 51:2232(3)(a).

28. At all times relevant to this action, DEFENDANT's Property has qualified as a place of public accommodation, resort, or amusement as defined by LA. REV. STAT. ANN. § 51:2232(9) by virtue of either supplying services to the general public, soliciting and

accepting the patronage of the general public, or having been supported directly or indirectly by government funds.

29. The LCHR prohibits discriminatory practices and provides that "it is a discriminatory practice for a person to deny an individual the full and equal enjoyment of goods, services, facilities, privileges, advantages, and accommodations of a place of public accommodation, resort, or amusement . . . on the grounds of . . . disability." LA. REV. STAT. ANN. § 51:2247.

30. The LCHR extends relief to "any person deeming himself injured by" discrimination in violation thereof. LA. REV. STAT. ANN. § 51:2264.

31. DEFENDANT discriminated against MS. PLOWDEN, on the basis of disability, in violation of LA. REV. STAT. ANN. § 51:2247, by denying her the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations offered at the Property due to many of the architectural barriers discussed in Paragraph 28 of this Complaint.

32. MS. PLOWDEN deems herself injured by DEFENDANT's discrimination and brings suit under the LCHR to recover compensatory damages for the injuries and loss she sustained as a result of DEFENDANT's discriminatory conduct and deliberate indifference as alleged herein above.

33. MS. PLOWDEN is further entitled to injunctive relief, as well as an award of attorneys' fees, costs, and disbursements pursuant to the LCHR, LA. REV. STAT. ANN. § 51:2264.

## PRAYER FOR RELIEF

WHEREFORE, MS. PLOWDEN demands judgment against DEFENDANT, and requests

the following injunctive, damages, and declaratory relief:

A. That this Court declare that the Property owned and/or operated by DEFENDANT is in violation of the ADA and the LCHR;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA and the LCHR;

C. That this Court award damages to MS. PLOWDEN pursuant to LA. REV. STAT. ANN. § 51:2264 for the discriminatory conduct of the DEFENDANT in violation of the LCHR;

D. That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MS. PLOWDEN pursuant to the ADA and the LCHR; and

E. That this Court award such other and further relief as it deems necessary, just and proper.

Respectfully Submitted,

**THE BIZER LAW FIRM, LLC**
*Attorney for Plaintiff*

/s/ Andrew D. Bizer
ANDREW D. BIZER (LA # 30396)
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996
Email: andrew@bizerlaw.com